**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBINSON PINILLA-PULIDO; et al., | No. 06-74353 |
| Petitioners, | Agency Nos. A097-363-020 |
| | A097-363-021 |
| v. | A097-363-022 |
| | A097-363-023 |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 17, 2011
Pasadena, California

Before: RYMER and BYBEE, Circuit Judges, and QUIST, Senior District Judge.**

Robinson Pinilla-Pulido ("Pinilla"), along with his wife, son, and daughter,

appeal a decision of the Board of Immigration Appeals ("BIA") denying their

application for asylum from Colombia and Venezuela and withholding of removal

to Venezuela.

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*      The Honorable Gordon J. Quist, Senior District Judge for the U.S.
District Court for Western Michigan, Grand Rapids, sitting by designation.

The BIA found that Petitioners are ineligible for asylum from Colombia because, prior to arriving in the United States, they had firmly resettled in Venezuela. In reaching this decision, the BIA explicitly adopted the reasoning of the Immigration Judge ("IJ") and did not apply the firm resettlement standard enunciated in *Maharaj v. Gonzales*, 450 F.3d 961 (9th Cir. 2006), an intervening en banc decision of this court. Because neither the IJ nor the BIA considered whether Petitioners were firmly resettled in Venezuela under *Maharaj*, we vacate the BIA's decision and we remand this case to the BIA for reconsideration in light of *Maharaj*.

At oral argument, Petitioners' counsel asked this court to consider recent evidence of changed country conditions in Venezuela reflecting the Venezuelan government's support of the Colombian FARC. We refuse to consider this evidence because it is not part of the record. 8 U.S.C. § 1252(b)(4)(A). Petitioners should present this evidence in the first instance to the BIA through a motion to reopen. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii); *Malty v. Ashcroft*, 381 F.3d 942, 945–46 (9th Cir. 2004).

We hereby GRANT the petition, VACATE the BIA's decision, and REMAND for reconsideration in light of *Maharaj*.